**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
KALAMAZOO DIVISION**

| | |
|---|---|
| STRYKER CORPORATION, et al. ) | |
| ) | Case No.  1:16-cv-01199 PLM/RSK |
| ) | |
| Plaintiffs, ) | Hon.  Paul L. Maloney |
| ) | |
| v. ) | **JURY TRIAL REQUESTED** |
| ) | |
| POSEIDON SURGICAL, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## DEFENDANT'S REBUTTAL CLAIM CONSTRUCTION BRIEF

James R. Higgins, Jr.
Robert J. Theuerkauf
MIDDLETON REUTLINGER
401 S. Fourth Street, Suite 2600
Louisville, Kentucky  40202
Phone:  (502) 584-1135
Facsimile:  (502) 561-0442
jhiggins@middletonlaw.com
rjt@middletonlaw.com

-and-

Terence J. Linn
GARDNER, LINN BURKHART & FLORY, LLP
2851 Charlevoix Drive – Suite 207
Grand Rapids MI 49546
Phone: (616) 975-5500
Facsimile: (616) 975-5505

*Counsel for Defendant*

# Table of Contents

I.   INTRODUCTION ........................................................................................................ 1

    A.   The Parties' Differing Positions ...................................................................... 1

    B.   Claim Phrases to be Construed and the Parties' Competing Constructions ............ 1

II.  THE CONTEXT OF THE PATENT COMPELS ACCEPTANCE OF DEFENDANT'S CONSTRUCTIONS, AND REJECTION OF PLAINTIFFS' ......................................... 2

    A.   Plaintiffs Construe Individual Words, Not the Claim Terms in Context ................ 3

    B.   The Context of the '037 Patent Compels Defendant's Construction of the "Opposed Proximal and Distal Ends" Claim Phrase .................................................. 4

    C.   The Context of the '037 Patent Compels Defendant's Construction of the "Extends Between" Claim Phrase ................................................................................ 8

III. RELIANCE ON PLAINTIFFS' EXTRINSIC EVIDENCE IS IMPROPER, AS THE PLAIN MEANING OF THE DISPUTED PHRASES MAY BE GLEANED AND DERIVED FROM THE INSTRINSIC RECORD ........................................................ 11

IV.  PLAINTIFFS' PROPOSED CONSTRUCTIONS IMPROPERLY CHANGE THE SCOPE OF THE CLAIMS TO FIT ITS INFRINGMENT GOAL ............................... 13

V.   CONCLUSION ......................................................................................................... 14

## **TABLE OF AUTHORITIES**

**CASES:**                                                                                                                    **PAGE**

*Bell Atlantic Network Services, Inc. v Covad Communications*, ..........................12
    262 F.3d 1258, 1268-69 (Fed. Cir. 2001)

*ERBE Elektromedizin GmbH v. Canady Tech., LLC*, 629 F.3d 1278, 1286 ...........4
    (Fed. Cir. 2010)

*IGT v. Bally Gaming Intern., Inc.*, 659 F.3d 1109 (Fed. Cir. 2011) ........................3

*O2 Micro Intern. Ltd. v. Beyond Innovation Tech. Co., Ltd.*, ................................1
    521 F.3d 1351, 1361 (Fed. Cir. 2008)

*Phillips v. AWH Corp*, 415 F.3d. 1303, 1313 (Fed. Cir. 2005) ...........2, 4, 7, 12, 13

I.  INTRODUCTION

   A.  The Parties' Differing Positions

The Court is presented with starkly different claim construction positions in the parties' respective Opening Claim Construction Briefs.  Defendant asks the Court to construe U.S. Patent No. 7,615,037 ("the '037 Patent") based on the non-technical words as they appear, in context, in the '037 Patent itself.  By contrast, Plaintiffs use an extraneous expert, and other extrinsic evidence, in an attempt to urge the Court to construe specific words, devoid of context, in such a way as to unjustly capture the accused device.[1]  As shown below in more detail, the Court should adopt Defendant's proposed constructions and reject Plaintiffs' litigation-inspired proposal.

   B.  Claim Phrases to be Construed and the Parties' Competing Constructions

| Claim Term/Phrase #1 ||
|---|---|
| "said housing having: opposed proximal and distal ends" ||
| Plaintiffs' Position | Defendant's Position |
| Plaintiffs do not believe that a construction by the Court is needed for this term/phrase. Plaintiffs alternatively propose the following construction:<br><br>"a housing with proximal and distal ends, where the distal end is a part of the housing that is opposite the proximal end" | Defendant states that this claim term/phrase is disputed by the parties and proposes the following construction:<br><br>"said housing having:  a proximal end and a distal end that face each other"<br><br>(proximal end = "the end of the housing away from the surgical site;" distal end = "the end of the housing towards the surgical site at which the suction is applied") |

---

[1] Plaintiffs have stated that they do not believe construction of the disputed phrases is needed.  *See* Dkt. 47, pp. 1, 6, and 15.  The Federal Circuit, however, has held that a district court must resolve parties' disputes over the scope of asserted patent claims, which is a question of law.  *O2 Micro Intern. Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008).

| Claim Term/Phrase #2 |||
|---|---|
| "a longitudinal axis that extends between the proximal and distal ends and through the proximal section and the housing void space" |||
| Plaintiffs' Position | Defendant's Position |
| Plaintiffs do not believe that a construction by the Court is needed for this term/phrase. Plaintiffs alternatively propose the following construction:<br><br>"an imaginary line about which the housing rotates that extends: a) in a space that separates the proximal and distal ends of the housing, and b) through the proximal section of the housing and housing void space" | Defendant states that this claim term/phrase is disputed by the parties and proposes the following construction:<br><br>"a single, imaginary straight line that extends the length of the housing from the proximal end to the distal end and through the interior space of the housing, and about which the housing rotates" |

## II.    THE CONTEXT OF THE PATENT COMPELS ACCEPTANCE OF DEFENDANT'S CONSTRUCTIONS, AND REJECTION OF PLAINTIFFS'

The principle guide for construction of claim terms is the Federal Circuit's *en banc* opinion in *Phillips*:

> [T]he ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention. … Importantly, the person of ordinary skill in the art is deemed to <u>read the claim term not only in the context of the particular claim in which the disputed appears, but in the context of the entire patent</u>, including the specification.

*Phillips v. AWH Corp*, 415 F.3d. 1303, 1313 (Fed. Cir. 2005) (emphasis supplied) (citations omitted); *see also id.* at 1314 ("To begin with, the context in which a term is used in the asserted claim can be highly instructive."). It is abundantly clear that Plaintiffs ignore the context of the '037 Patent while Defendant respects it.

2

### A. Plaintiffs Construe Individual Words, Not the Claim Terms in Context

Plaintiffs state that "[t]he terms at issue are 'opposed' and 'between'." Plaintiffs repeat this premise, stating: "[t]he main claim construction issues between the parties are the proper meaning of the words 'opposed' and 'between' in the disputed phrases." Dkt. 47, pp. 1 and 6. But the words "opposed" and "between" in isolation are not what is in dispute.

The words "opposed" and "between" are part of claim phrases describing the patented manifold, namely "opposed proximal and distal ends" and "a longitudinal axis that extends between the proximal and distal ends." It is improper, as Plaintiffs suggest, to construe a word in the claim apart from the context of the claim that contains the words. *IGT v. Bally Gaming Intern., Inc.*, 659 F.3d 1109 (Fed. Cir. 2011). In *IGT*, the claim phrases at issue were "issuing a command over the network to <u>one</u> of said preselected gaming devices" and "paying at said <u>one</u> gaming device in accordance with the command." *Id.* at 1115-16. The district court construed the word "one" consistent with the definition of the word "one." *Id.* at 1116-17. The Federal Circuit rejected the construction and noted that in context, "'one' modifies devices that will receive a particular command." *Id.* at 1116. The Federal Circuit further stated,

> We caution that claim language must be construed in context of the claim in which it appears. Extracting a single word from a claim divorced from the surrounding limitations can lead construction array. Claim language must be construed in the claim in which it appears.

*Id.* at 1117 (footnote omitted).

This Court should similarly reject Plaintiffs' construction. The issue is not what the terms "opposed" and "between" mean in isolation. Instead, the claim describes the relationship between the two ends as being opposed or facing. And, the longitudinal axis is not some theoretical segment of arbitrary length, but is rather the axis, that is, a line, of the housing that

3

extends between the housing's two ends.  As commanded by *Phillips*, and further explicated by *IGT*, the claim terms in context are what is to be construed, not individual words plucked from the claim.

> **B. The Context of the '037 Patent Compels Defendant's Construction of the "Opposed Proximal and Distal Ends" Claim Phrase**

The key part of the first disputed phrase is "opposed proximal and distal ends," not just the word "opposed."  The term "opposed" is describing a claimed attribute of the "housing" of the claimed manifold, "a housing having: opposed proximal and distal ends."  *See* Dkt. 1, Exhibit A, Col. 20, Lines 66-67.  The context of this phrase must include a proper understanding and incorporation of the words "proximal" and "distal" because such terms are specifically defined in the '037 Patent, and also an understanding that the term "opposed" is describing the relationship between proximal and distal ends.

The patent specification explicitly defines "distal" as "towards the surgical site" and "proximal" as "away from the surgical site."  *Id.* at Col. 4, Lines 32-34.  These directional definitions mean that the proximal and distal ends of the housing are *inherently and necessarily* "opposite" each other.  Therefore, since the context of the '037 Patent already requires that the proximal and distal ends be "opposite" each other (i.e., distal end *towards*, and proximal end *away from*, the surgical site), the term "opposed" must mean something more because every claim term must be given meaning.  *See ERBE Elektromedizin GmbH v. Canady Tech., LLC*, 629 F.3d 1278, 1286 (Fed. Cir. 2010).  Thus, the word "opposed" must be given meaning and the term should not be construed in a way that is redundant of the other terms in the phrase "opposed proximal and distal ends."

The specification's description of the manifold's "housing" provides further context in support of Defendant's proposed construction.  The '037 Patent states, "[c]ollectively, shell 158

4

and cap 164 form the manifold housing." [2]  *See* Dkt. 1, Exhibit A, Col. 9, Lines 1-2. Therefore, since the disputed claim phrase is describing the "housing," the "proximal and distal ends" of that housing must be the proximal end of shell (158) and the distal end of cap (164). And, as shown in Figure 9, the "distal end" of cap (164) and the "proximal end" of shell (158) are not merely "opposite" each other, but additionally *face* each other:



Dkt. 1, Exhibit A, Fig. 9 and Col. 9, Lines 1-2 (annotations added). Thus, Defendant's proposed construction (i.e., "said housing having: a proximal and a distal end that face each other") gives meaning, in context, to the word "opposed" in the disputed phrase, and thus should be adopted.

Plaintiffs argue that the specification uses the terms "opposed" and "opposite" interchangeably and thus the terms mean the same thing. *See* Dkt. 47, p. 8. However, the specification does not use the words interchangeably, but instead uses the two words differently in different contexts. The specification uses the word "opposed" when referring to the relationship between two structures. For example, "opposed" is used when describing the facing sides of a C or U-shaped structure:

---

[2]  Note that this description does not include the fence (245) or the fittings (48), as color coded in Plaintiffs' Opening Claim Construction Brief. *See* Dkt. 47, p. 2.

5



*See* Dkt. 1, Exhibit A, Col. 7, Lines 50-53 ("In one version of the invention, seal 112 is a C- or U-shaped seal. A spring 113 presses the opposed sides of the seal outwardly."). Similarly, the word "opposed" is used to describe the facing relationship of the two windows in the manifold receiver. *Id.* at Col. 5, Lines 46-48 ("Manifold receiver housing 62 if also formed with two opposed through windows 84. . . .").

The word "opposite," on the other hand, is used in the '037 Patent when describing a location. For example, when describing the location of notch (139), the specification states that it is "located on the side of the disk opposite the side from which boss 136 extends." *Id.* at Col. 7, Lines 39-41. Similarly, the specification describes the waste material as "flow[ing] toward[] the opposite side of the void space internal to manifold 46." *Id.* at Col. 16, Lines 14-15. Thus, the word "opposite" is used in the specification to describe a location and not a relationship between two structures such as the "opposed" or facing sides of the C or U-shaped seal or "opposed proximal and distal ends." In the context of the claims, the term "opposed" is used as an adjective to describe the relationship between the proximal and distal ends, i.e., that they are facing each other.

Plaintiffs criticize Defendant's proposed construction because the word "face" does not appear in verb form in the '037 Patent. But the concept of "opposed" ends facing each other is even confirmed by Plaintiffs' own tendered dictionary definitions of "opposite" as follows:

- In The American Heritage Dictionary, Plaintiffs ignore the definition "[p]laced or located directly across from something else or from each other" as well as "[a]cross from or facing." *See* Dkt. 48, Exhibit 8; and

- In the Cassell Dictionary & Thesauraus, Plaintiffs ignore the definition "fronting, facing." *See* Dkt. 48, Exhibit 10.

When the disputed claim term is viewed in context, as *Phillips* commands, even Plaintiffs' dictionary definitions support Defendant's construction.

Finally, Plaintiffs' linguistic sleight of hand attempting to turn the "distal end" into "a part of" the housing must also be rejected. Plaintiffs contend that the "distal end <u>is a part of</u> the housing . . . ." Dkt. 47, p. 10 (emphasis supplied).



Dkt. 1, Exhibit A, Fig. 9 and Col. 9, Lines 1-2 (annotations added). However, there is nothing in the specification to even suggest that the "ends" are anything but "ends." Plaintiffs fail to provide any justification as to why the "distal end" is some arbitrary "part of" the housing.[3] Plaintiffs' unjust manipulation of the claim is solely inspired by its infringement position.

Defendant respectfully requests that its proposed construction, i.e., "said housing having: a proximal end and a distal end that face each other," be adopted by the Court.

---

[3] Plaintiffs' erroneous construction is even at odds with itself in that it would unjustly change the "distal end" to a "part of" the housing while leaving the "proximal end" as an "end." *See* Dkt. 47, pp. 7 and 10.

7

### C. The Context of the '037 Patent Compels Defendant's Construction of the "Extends Between" Claim Phrase

The key part of the second disputed phrase is "extends between," not just the word "between" in isolation as Plaintiffs propose. The term is describing a claimed property of the "housing" of the claimed manifold, namely "a longitudinal axis that extends between proximal and distal ends. . . ." Dkt. 1, Exhibit A, Col. 21, Lines 2-3. The context of this disputed phrase includes the phrase "extends between" which means that the axis must *intersect* both the distal and the proximal end of the manifold, not merely be "in a *space that separates*" the proximal and distal ends. Plaintiffs' proposed construction is devoid of any context of the claim terms in which the phrase occurs.

On the other hand, Defendant's proposed construction is not only consistent with the specification, but also stays true to the claim language. According to the claim itself, the longitudinal axis is the longitudinal axis <u>of the housing</u> and must (1) extend between the proximal and distal ends of the housing, and (2) extend through the proximal section and the housing void space. Because it is the <u>housing's</u> longitudinal axis that is at issue, only a longitudinal axis that extends the length of the housing, as Defendant has proposed, can meet these claim limitations. In other words, Defendant's construction not only complies with the fact that it is the <u>axis of the housing</u> but also satisfies the claim language requiring the axis to "extend between" the ends.

Plaintiffs' proposal, which suggests the longitudinal axis is, or can be, a shorter line segment within the space of the housing, is again inspired by its desire to find infringement. It is common sense that an axis of an object, such as the "housing" in this case, does not have an arbitrary length, but instead is an imaginary line extending through the entire object. For

8

example, the axis about which the earth rotates is an imaginary line that extends all the way through the earth:



This is also supported by the fact that it is common knowledge that an "axis" is a line about which a rotating body turns or a line about which a three-dimensional object is symmetrical. *See, e.g.,* www.dictionary.com /browse/axis.

An axis, like the earth's axis, is not a line of an arbitrary length within the space of the object, but instead is a line that bisects the entire object that may extend indefinitely. Otherwise, if the earth's axis were a smaller line segment within the space between the North Pole and South Pole then the areas of the earth above or below that line segment could not be said to be rotating about the axis. Obviously, however, the entirety of the earth rotates about its axis, so it is illogical to contend that the axis does not extend the entirety of the earth's diameter. Similarly, the entirety of the "housing" of the claimed manifold rotates about the "longitudinal axis" so the axis must necessarily extend the entire length of the housing.

Plaintiffs further ignore the context in which the term "between" is used in the claim in an attempt to introduce the concept that "between" somehow suggests "a space." The "housing," which is comprised of cap (164) and shell (158) together, is bounded on its ends by the "proximal end" and the "distal end" and the claim recites that the longitudinal axis "<u>extends</u>

9

between" those ends.  *See* Dkt. 1, Exhibit A, Col. 21, Lines 2-4 (emphasis supplied).  The claim does not state that the longitudinal axis extends in a space between the two ends.  Plaintiffs' cherry-picking of dictionary definitions cannot and does not change this fact.  Indeed, it is the second portion of the claim phrase – "through the proximal section and the housing void space" – that defines the "space" in which the axis passes through.  The claim does not recite that the longitudinal axis extends for some arbitrary distance in a space between the two ends, but that it "extends between" the proximal and distal ends themselves.  *See* Dkt. 1, Exhibit A, Col. 21, Lines 2-3.

The difference between Defendant's and Plaintiffs' proposed construction for this claim phrase is best illustrated as follows:



Dkt. 1, Exhibit A, Fig. 10 (annotations added).  As can be seen in the above, Plaintiff's proposed construction is not an "axis" of the "housing" at all, but simply a line segment.  Also, as can be seen in the above, Defendant's proposed construction stays true to the claim language.

Plaintiffs' proposed construction is also belied by the claim itself wherein the claim further states that there is a "base plate that extends over the proximal end of [the] housing" and

10

that the "base plate [has] a center through which the housing longitudinal axis extends." (Col. 21, Lines 17-18) (emphasis added). In other words, the housing longitudinal axis extends through the center of base (168). Thus, Plaintiffs' proposed construction of the longitudinal axis extending "in a space that separates the proximal and distal ends of the housing" cannot be correct because, as shown below, the axis would not extend through the base plate as required by other words of the claim:



Dkt. 1, Exhibit A, Fig. 10 (annotations added). Consequently, the longitudinal axis must extend the entire length of the housing just like any axis of an object.

Defendant respectfully requests that its proposed construction, i.e., "a single, imaginary line that extends the length of the housing from the proximal end to the distal end and through the interior space of the housing, and about which the housing rotates," be adopted by the Court.

### III. RELIANCE ON PLAINTIFFS' EXTRINSIC EVIDENCE IS IMPROPER, AS THE PLAIN MEANING OF THE DISPUTED PHRASES MAY BE GLEANED AND DERIVED FROM THE INSTRINSIC RECORD

Defendant submits that claim construction in this case should not be overly (if at all) technical. As demonstrated at the informal hearing, the '037 Patent is directed to a simple mechanical device, a manifold with multiple ports that receives surgical waste from a surgical

11

site and feeds it into the "R2D2-like" waste collector or "Rover."  Given the non-technical nature of the manifold, this is the type of patent case where the meaning of claim terms is "readily apparent even to lay judges."  *Phillips*, 414 F.3d at 1314.

Plaintiffs' extrinsic expert relies on extrinsic evidence (i.e., dictionary definitions of "opposed" and "between") in an attempt to divert the Court from the context of the '037 Patent and alter the contextual meaning of the disputed claim phrases.  The Court does not need an expert or dictionary definitions to explain the non-technical structure set forth in the '037 Patent's claims.  *See Phillips,* 415 F.3d at 1318 ("[A] court should discount any expert testimony that is clearly at odds with the claim construction mandated by the claims themselves, the written description, and the prosecution history, in other words, with the written record of the patent.") (internal quotation marks and citations omitted); *see also Bell Atlantic Network Services, Inc. v Covad Communications*, 262 F.3d 1258, 1268-69 (Fed. Cir. 2001) (cautioning against basing claim construction on extrinsic expert testimony where, as here, the plain meaning of the claim term in dispute can be gleaned from the intrinsic record itself).

Further, Plaintiffs' expert declaration is inconsistent with Plaintiffs' primary claim construction position that no claim terms of the '037 Patent need construction at all.  If no terms of the '037 Patent need construction, then an expert is not required to explain what "opposed proximal and distal ends" and "longitudinal axis that extends between the proximal and distal ends" means.  However, it is apparent that the expert declaration is biased with the goal of wrongfully persuading the Court that "opposed" and "between" have some special meaning to persons in the medical device field.  *See Phillips*, 415 F.3d 1318-19 ("[E]xtrinsic evidence consisting of expert reports and testimony is generated at the time of and for the purpose of litigation and thus can suffer from bias that is not present in intrinsic evidence.").  Yet, Plaintiffs'

12

expert looks to general dictionaries (American Heritage, Miriam-Webster, and Cassell) to glean the meaning of "opposed" and "between." If "opposed" and "between" truly had special meaning to those in the medical device field, those words should be – but are <u>not</u> – defined in medical dictionaries. *See* Exhibit A (Dorlund's Illustrated Medical Dictionary, 32d Edition) and Exhibit B (American Jurisprudence Proof of Facts 3d Series, Attorney's Illustrated Medical Dictionary). Plaintiffs' attempt to validate its improper construction with the gloss of expert testimony should be rejected.

Moreover, as pointed out above, Plaintiffs and its expert cherry-pick definitions of "opposed" to suit Plaintiffs' claim construction goals. In doing so, they ignore definitions that support Defendant's position. This sort of biased selectivity is what led the *en banc* Federal Circuit in *Phillips* to disfavor the use of general dictionaries:

> Dictionaries, by their nature, provide an expansive array of definitions. General dictionaries, in particular, strive to collect all uses of particular words, from the common to the obscure. By design, general dictionaries collect definitions of a term as used not only in a particular art field, but in many different settings. In such circumstances, it is inevitable that the multiple dictionary definitions for a term extend beyond the "construction of the patent [that] is confirmed by the avowed understanding of the patentee, expressed by him, or on his behalf, when his application for the original patent is pending. <u>Thus, the use of the dictionary may extend patent protection beyond what should properly be afforded by the inventor's patent</u>.

*Phillips,* 415 F.3d at 1321-22 (emphasis supplied) (citations omitted).

### IV. PLAINTIFFS' PROPOSED CONSTRUCTIONS IMPROPERLY CHANGE THE SCOPE OF THE CLAIMS TO FIT ITS INFRINGMENT GOAL

As discussed above, Plaintiffs' proposed construction of "opposed proximal and distal ends" ignores the plain words of the disputed claim phrase and further improperly attempts to change the "distal end" into "a part" of the housing. Similarly, Plaintiffs attempt to define the

13

"longitudinal axis that extends between proximal and distal ends" by again ignoring the plain words of the claim phrase by insisting that the axis is some arbitrary line segment "in a space" within the housing.  It is likely obvious to the Court, having viewed the accused manifold at the informal hearing, that Plaintiffs' claim construction goal is not to properly define the scope of the claims, which necessarily require a straight manifold, but to capture the accused angled manifold.  Plaintiffs' litigation-inspired constructions should be rejected.

## V.     CONCLUSION

Defendant's constructions are both intrinsically and contextually derived.  By contrast, Plaintiffs' claim construction goal is to rewrite the claims to support its infringement position, which is improperly based on (a) definitions of single words ("opposed" and "between") plucked out of context of the claims; and/or (b) extrinsic evidence (cherry-picked general dictionary definitions supposedly buttressed by expert testimony); and/or (c) replacing words in the claim phrase (changing "end" to "part of") with no support either intrinsically or textually.

Defendant respectfully requests that its proposed constructions of the disputed claim phrases (as presented above and in Defendant's Opening Claim Construction Brief) be adopted.

    Respectfully submitted,

*/s/ Robert J. Theuerkauf*
James R. Higgins, Jr.
Robert J. Theuerkauf
Middleton Reutlinger
401 S. 4th Street, Suite 2600
Louisville, KY 40202
(502) 584-1135
jhiggins@middletonlaw.com
rjt@middletonlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 26th day of July, 2017, a copy of the foregoing Defendant's Rebuttal Claim Construction Brief was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system:

| | |
|---|---|
| D. Andrew Portinga (P55804)<br>David J. Gass (P34583)<br>**MILLER JOHNSON**<br>Arena Place Grand Rapids<br>45 Ottawa Ave, SW<br>Grand Rapids, MI 49503<br>portingaa@millerjohnson.com<br>gassd@millerjohnson.com<br>*Attorneys for Plaintiffs* | Robert A. Surrette<br>Patrick J. Arnold Jr.<br>Wil L. Rao<br>Ryan J. Pianetto<br>**MCANDREWS, HELD & MALLOY, LTD.**<br>500 West Madison Street, 34th Floor<br>Chicago, Illinois 60661<br>bsurrette@mcandrews-ip.com<br>parnold@mcandrews-ip.com<br>wrao@mcandrews-ip.com<br>rpianetto@mcandrews-ip.com<br>hmack@mcandrews-ip.com<br>Stryker-Poseidon@mcandrews-ip.com<br>*Attorneys for Plaintiffs* |

*/s/ Robert J. Theuerkauf*
*Attorneys for Defendant*